IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON WAGNER,

      Plaintiff,                           No. 2: 09-cv-3166 FCD KJN P

    vs.

MOSS POSNER, et al.,

      Defendant.                       ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's July 28, 2010 motion to amend and proposed amended complaint. For the following reasons, plaintiff's motion for leave to amend is granted in part and denied in part.

        Plaintiff filed the original complaint on November 13, 2009. Plaintiff alleged that he received inadequate medical care for hepatitis while housed at California State Prison-Corcoran and California State Prison-Sacramento. On January 8, 2010, the court ordered service of defendants Posner, Schuster, O'Brien, Alpine, Nangalama and Bal. On April 20, 2010, defendants Nangalama, Bal and McAlpine filed an answer to the complaint. On April 20, 2010, defendants Schuster and Posner filed a motion to dismiss. On July 7, 2010, the motion to dismiss was granted.

1

1       On July 13, 2010, a scheduling order was filed which set November 4, 2010 as the
2  discovery cut-off date and January 31, 2011 as the date for filing pretrial motions.
3       The proposed amended complaint includes a copy of the original complaint to
4  which is attached an addendum naming Dr. Sahato and Nurse Bakewell as new defendants as
5  well as several "doe" defendants.  Plaintiff alleges that defendant Sahato improperly took
6  plaintiff off his nutritional supplement and multi-vitamins.  Plaintiff also alleges that defendant
7  Sahato improperly denied his request for non-formulary medicine without examining him.
8  Plaintiff also alleges that defendant Sahato is defendant Nangalama's supervisor.  Plaintiff
9  alleges that he wrote defendant Sahato about defendant Nangalama's "ongoing deliberate
10 indifference" to plaintiff's medical needs but defendant Sahato failed to intervene.  Plaintiff also
11 alleges that he wrote defendant Sahato on several occasions regarding defendant Nangalama's
12 decision to change plaintiff's medication.
13      The proposed amended complaint contains no allegations against defendant
14 Bakewell.  Although not named as a defendant in the caption of the complaint, plaintiff alleges
15 that law librarian Warbel denied him access to the law library.
16      The court should "freely give[ ]" leave to amend when there is no "undue delay,
17 bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by
18 virtue of ... the amendment, [or] futility of the amendment ...."  Fed.R.Civ.P. 15(a); Foman v.
19 Davis, 371 U.S. 178, 182 (1962).
20      The undersigned first considers undue delay, bad faith and dilatory motive.  In
21 their August 12, 2010 opposition, defendants observe that plaintiff does not explain why he
22 waited approximately nine months after he filed the original complaint to file the proposed
23 amended complaint.  While this is true, at the time plaintiff filed the motion to amend,
24 defendants had appeared in this action for three months.  This is also the first proposed amended
25 complaint plaintiff has filed.  Under these circumstances, the undersigned does not find undue
26 delay, bad faith nor dilatory motive on the part of plaintiff, a pro se litigator.

Turning to prejudice, defendants argue that they would be prejudiced because granting the motion would require amending the scheduling order. Pursuant to the scheduling order, all discovery must be served sixty days prior to the discovery cut-off, i.e. by September 3, 2010. Were the court to grant plaintiff's motion, it would not extend the discovery cut-off date as to defendants Nangalama, Bal and McAlpine. While defendants would suffer some prejudice as a result of the delay in the disposition of this action caused by service of the new defendants, this prejudice would not be great.

Turning to futility, the motion to amend would be futile as to defendant Bakewell as the amended complaint contains no allegations against this defendant. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Because the proposed amended complaint contains no allegations against defendant Bakewell, the amendments against defendant Bakewell are futile.

As for the claims of inadequate law library access against law librarian Warbel, the original complaint contained claims alleging inadequate medical care only. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th. Cir. 2007) (no "buckshot" complaints). Accordingly, the motion to amend the complaint to include the claims against defendant Warbel would be futile.

As for defendant Sahato, defendants argue that the proposed amendments are futile because plaintiff alleges that he is liable as defendant Nangalama's supervisor. Defendants argue that plaintiff is basing defendant Sahato's liability on the improper theory of respondeat superior.

As discussed above, plaintiff alleges that defendant Sahato improperly took plaintiff off his nutritional supplement and multi-vitamins. Plaintiff also alleges that defendant Sahato improperly denied his request for non-formulary medicine without examining him. These allegations are not based on respondeat superior.

Defendants also object that plaintiff does not allege whether he has exhausted his administrative remedies as to his claims against the newly named defendants. However, the Supreme Court has held that § 1997e(a) creates an affirmative defense and, therefore, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007).

Accordingly, for the reasons discussed above, plaintiff's motion to amend to add claims against defendant Sahato that are not based solely upon respondeat superior is granted. The motion to amend to add claims defendants Warbel and Bakewell is denied. Because the
4

proposed amended complaint includes a copy of the original complaint, the claims previously dismissed against defendants Schuster and Posner are stricken.  In addition, plaintiff is cautioned that any future motions to amend will be looked on with disfavor.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Therefore, plaintiff's request for the appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Dkt. No. 42) is granted as to the proposed claims against defendant Sahato that are not solely based on respondeat superior, and the motion to amend is denied as to the proposed claims against defendants Bakewell and Warbel

2. The claims against defendants Schuster and Posner contained in the amended complaint are stricken for the reasons discussed above; the answer filed by defendants Nangalama, Bal and McAlpine to the original complaint is deemed as addressing the amended complaint as the claims against them in both complaints are identical;

3. The Clerk of the Court shall send plaintiff 1 USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed July 28, 2010;

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Sahato; and

    d. Two copies of the endorsed amended complaint filed July 28, 2010.

   5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

   6. Plaintiff's July 29, 2010 motion for appointment of counsel (Dkt. 44) is denied.

DATED: August 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wag3166.ame

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON WAGNER,

      Plaintiff,

vs.

MOSS POSNER, et al.,

      Defendants.

/

No. 2: 09-cv-3166 FCD KJN P

NOTICE OF SUBMISSION

OF DOCUMENTS

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_\_    completed summons form

    \_\_\_\_\_    completed USM-285 forms

    \_\_\_\_\_    copies of the _____ Complaint/Amended Complaint

DATED:

_____
Plaintiff