IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON WAGNER,

        Plaintiff,                      No. 2: 09-cv-3166 FCD KJN P

    vs.

MOSS POSNER, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions to compel filed October 21, 2010 and October 22, 2010 (Dkt. Nos. 61, 62).  For the following reasons, these motions are denied.

        Plaintiff's first motion to compel (Dkt. No. 61) seeks further responses to twenty-seven requests for production of documents.  Plaintiff's second motion to compel (Dkt. No. 62) seeks further responses to twenty requests for admissions and twenty-seven interrogatories.

        Plaintiff's motions to compel are denied because they are not well supported. Plaintiff does not specifically address why defendants' responses are inadequate.  Rather, in both motions plaintiff generally argues that defendants' responses were "evasive or limited."  The undersigned does not have the resources to go through each of the at-issue discovery requests and

1

responses on plaintiff's behalf in order to determine whether defendants' responses are adequate.

Moreover, the undersigned has reviewed defendants' responses and does not find that defendants' responses are generally inadequate. For example, request for production twenty asks defendants to produce all of plaintiff's medical records from July 26, 2005, up until the date of defendants' response, including "understandable, legible doctor's orders." In response, defendants referred plaintiff to his California Department of Corrections and Rehabilitation medical records which were previously produced to him. Defendants also stated that to the extent plaintiff requested legible orders, they were not obliged to create these documents in response to a request for production. The grounds of plaintiff's objection to this response are not clear as the response appears adequate.

Request for admission no. 11 addressed to defendant Bal states, "Did you ever tell Wagner which foods and beverages that he was not supposed to drink?" Defendant objected to this request on grounds that plaintiff had inappropriately included an interrogatory within a request for admission. Because this objection has merit, the grounds of plaintiff's objection to this response are not clear. Request for admission no. 12 addressed to defendant McAlpine stated, "Dr. McAlpine did deny Wagner's medical treatment." Defendant McAlpine denied this request. Because defendant denied the request, the grounds of plaintiff's objection to this response are not clear.

Interrogatory no. 14 asked defendant Bal if patients with hepatitis-B were generally prescribed low sodium diets. Defendant Bal objected on grounds that a response to this interrogatory called for expert testimony. Apparently, defendant Dr. Bal is not knowledgeable regarding this matter. Accordingly, the grounds of plaintiff's objection to this response are not clear.

Although defendants' oppositions to these motions address each of the at-issue discovery requests, as stated above the undersigned has neither the time nor the resources to go through each request on plaintiff's behalf. Although plaintiff is a pro se litigant, it is his burden

1 in a motion to compel to inform the court of the grounds of his objections to each of defendants'
2 responses to his at-issue discovery requests.  Plaintiff has failed to meet this burden.
3        Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to compel (Dkt.
4 No. 17 and 18) are denied.
5 DATED:  December 30, 2010

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE

wag3166.com