IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON WAGNER,

       Plaintiff,                         No. 2: 09-cv-3166 KJM KJN P

   vs.

MOSS POSNER, et al.,

       Defendants.             <u>ORDER</u>

_____/

       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 20, 2010, plaintiff filed a motion for a 270 day extension of time to file an opposition to defendants' summary judgment motion. Also pending is plaintiff's June 20, 2011 motion to modify the scheduling order.

       In both pending motions, plaintiff claims that when he was placed in administrative segregation, correctional officers destroyed some of his legal property related to this action. Plaintiff requests the 270 day extension of time so that he may recreate his files.

       The undersigned twice ordered defendants to file briefing addressing the status of plaintiff's access to his legal materials. In their first response, defendants filed the declaration of Correctional Officer Pina, the legal officer in the administrative segregation unit at California State Prison-Sacramento, where plaintiff was incarcerated. In his declaration, Correctional

1

Officer Pina stated that he was unaware of plaintiff filing any complaints regarding the destruction of legal property. In their second response, defendants again filed a declaration by Correctional Officer Pina. In this second declaration, Correctional Officer Pina states that on April 29, 2011, plaintiff had four boxes of stored legal property. On that date, plaintiff requested manilla folders, a dictionary, district court cases, manuscripts, all medical records and a restitution file folder. On that day, plaintiff was issued legal materials from his boxes of legal property. Plaintiff was provided numerous pieces of personal and legal paperwork, letters and envelopes, a dictionary, medical information, 602s, law library forms, 115s and blank papers.

On May 13, 2011, plaintiff submitted another request for portions of his legal property. Plaintiff asked for a 1983 complaint and original summons along with legal cases for research. On May 31, 2011, staff looked for a 1983 summons and complaint packet but it could not be located. Plaintiff was apparently informed that those materials may have been in the box of legal materials that was issued to plaintiff on April 29, 2011.

In his second declaration, Correctional Officer Pina states that plaintiff has access to all of his legal materials. Correctional Officer Pina states that because of plaintiff's complaint that certain documents are missing, a search was conducted of all of his stored legal property. The claimed missing documents could not be located.

On August 31, 2011, plaintiff filed a notice of change of address indicating that he has been transferred to Mule Creek State Prison. On September 9, 2011, plaintiff filed a motion stating that he has yet to receive copies of his medical file and copies of "all the docket files, from the original complaint to last docket that was filed up until today's date." Plaintiff requests the court's assistance in obtaining these records.

After reviewing the record, it is not clear what legal property regarding the instant case plaintiff is presently claiming he does not have access to. Prisoners often experience a delay in receiving access to their legal property after being transferred to a different prison. For this reason, plaintiff may have access to all of his legal property by the time he receives the instant

1 order. In addition, plaintiff had access to four boxes of legal property while housed in
2 administrative segregation at California State Prison-Sacramento. As discussed by Officer Pina
3 in his second declaration, medical records were included in this legal property.

4 Plaintiff is directed to inform the court within fourteen days whether he now has
5 access to his legal property regarding this action. In order to expedite the resolution of this
6 matter, the Clerk of the Court is directed to send plaintiff a copy of the operative amended
7 complaint (Dkt. No. 43). The Clerk is also directed to serve plaintiff with a copy of the docket in
8 this action. If, after reviewing the docket, plaintiff determines that he is missing documents from
9 the court file that he requires in order to prepare his opposition to defendants' motion, he shall
10 inform the court which documents he requires. Defendants are also directed to re-serve plaintiff
11 with their summary judgment motion.

12 Also pending are plaintiff's July 11, 2011 motion for access to the law library at
13 California State Prison-Sacramento and motion to be allowed to store legal documents exceeding
14 the amount allowed by California State Prison-Sacramento. Because plaintiff is no longer
15 incarcerated at California State Prison-Sacramento, these motions are denied as moot. See
16 Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.
17 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988).

18 Accordingly, IT IS HEREBY ORDERED that:

19 1. Within fourteen days of the date of this order, plaintiff shall inform the court of
20 the status of his access to his legal property;

21 2. The Clerk of the Court is directed to send plaintiff a copy of the amended
22 complaint (Dkt. No. 43) and a copy of the docket sheet for the instant action;

23 3. Defendants are directed to re-serve plaintiff with their summary judgment
24 motion within seven days of the date of this order and file proof of service;

25 ////

26 ////

1          4. Plaintiff's motion for access to the law library (Dkt. No. 87) and motion to
2  store excess legal documents (Dkt. No. 88) are denied as moot.
3  DATED: September 20, 2011

                                               KENDALL J. NEWMAN
                                               UNITED STATES MAGISTRATE JUDGE

7  wag3166.lp