1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLINTON WAGNER,

11            Plaintiff,              No. 2: 09-cv-3166 KJM KJN P

12        vs.

13   MOSS POSNER, et al.,

14            Defendants.             <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's June 20, 2010 motion for a

18   270 day extension of time to file an opposition to defendants' summary judgment motion, June

19   20, 2011 motion to modify the scheduling order, September 9, 2011 motion for court assistance,

20   and November 3, 2011 motion for a 280 day extension of time to file an opposition to

21   defendants' summary judgment motion.  Defendants filed their summary judgment motion on

22   May 6, 2011.

23        In his pending motions, plaintiff alleges that he does not have access to all of his

24   legal materials relevant to the instant action.  Plaintiff alleges that when he was placed in

25   administrative segregation ("ad seg") while housed at California State Prison-Sacramento ("CSP-

26   Sac") in December 2010, ad seg Property Officer Lewis told plaintiff that he had too much legal

1

1   property.  Inmates in ad seg are allowed one box of legal property and plaintiff had two boxes of

2   legal property.  Plaintiff alleges that Officer Lewis then threw away one box of plaintiff's legal

3   property.  Plaintiff alleges that this box of property contained plaintiff's medical records as well

4   as pleadings filed in the instant action and court orders.

5              In an attempt to resolve this matter, the undersigned ordered defendants to inform

6   the court of the status of plaintiff's access to his legal materials.  In their response filed

7   September 14, 2011, defendants filed a declaration by Correctional Officer Pina, the ad seg legal

8   officer.  Correctional Officer Pina states that on April 29, 2011, plaintiff had four boxes of stored

9   legal property.  Correctional Officer Pina also states that on April 29, 2011, plaintiff submitted a

10  request for certain items from that property.  Plaintiff requested manilla folders, a dictionary,

11  district court cases, manuscripts, all medical records and a restitution folder envelope.  On that

12  day, in response to that request, plaintiff was issued legal materials from his legal property.  The

13  materials provided to plaintiff included pieces of personal and legal paperwork, letters and

14  envelopes, a dictionary, medical information, inmate appeals, law library forms, rules violations

15  reports and blank papers.

16             Correctional Officer Pina states that on May 13, 2011, plaintiff submitted another

17  request for portions of his legal property.  Plaintiff requested that he be provided with a copy of

18  his complaint and original summons along with legal cases for research.  On May 31, 2011, in

19  responses to this request, staff looked for a 1983 summons and complaint packet but it could not

20  be located.  It was stated that these materials may have been in the box of legal materials issued

21  to plaintiff on April 29, 2011.

22             In his declaration, Correctional Officer Pina says that plaintiff has access to all of

23  his legal materials.  However, because of plaintiff's complaint that certain documents were

24  missing, including his summons and complaint, a search was conducted of all of his stored legal

25  property.  The claimed missing documents could not be located.

26  ////

On August 31, 2011, plaintiff filed a notice of change of address indicating that he had been transferred to Mule Creek State Prison ("MCSP").  In his September 9, 2011 motion for court assistance, plaintiff alleges that he has yet to receive copies of his medical files and copies of "all the docket files, from the original complaint to last docket that was filed up until today's date."

On September 22, 2011, the undersigned issued an order stating that it was unclear what legal property regarding the instant case to which plaintiff was presently claiming he did not have access.  The undersigned noted that plaintiff had access to four boxes of legal property while housed in ad seg at CSP-Sac.  According to Officer Pina, medical records were included in this legal property.

The September 22, 2011 order directed plaintiff to inform the court within fourteen days whether he now had access to his legal property.  In order to expedite resolution of this matter, the undersigned directed the Clerk of the Court to send plaintiff a copy of the operative amended complaint and a copy of the docket.  If, after reviewing the docket, plaintiff determined that he was missing documents from the court file that he required to prepare his opposition, he was to inform the court which documents he required.  Defendants were also directed to re-serve plaintiff with their summary judgment motion.

Attached to plaintiff's November 3, 2011 motion for extension of time is a copy of the court docket in this action.  Plaintiff has checked the docket entries of documents he requires in order to oppose defendants' summary judgment motion.  Accordingly, the undersigned will direct the Clerk of the Court to send plaintiff those documents.

In his November 3, 2011 motion, plaintiff also states that he still does not have access to his medical records.  In a pleading filed September 23, 2011, plaintiff states that defendants previously provided him with some of these records, free of charge, in exchange for plaintiff agreeing to release these records to defendants.  Attached as an exhibit is a copy of a records release form prepared by Quest Discovery Services, signed by plaintiff on November 22,

3

2010, for plaintiff's medical records from San Joaquin General Hospital, Mercy Folsom Hospital and UCDSHS.  Also attached is a letter from defense counsel, dated April 23, 2010, stating that if plaintiff signed the release, he would provide plaintiff with a copy of the records free of charge.

Also attached to plaintiff's September 23, 2011 pleading is a copy of a receipt for $79 that plaintiff paid on September 29, 2009, to have his prison medical file copied.  Plaintiff is apparently claiming that all of the documents from his prison medical file that he had copied are missing.

In resolving the issue of plaintiff's missing prison medical records the undersigned could either 1) grant plaintiff's motion for a 280 day extension of time so that he may recreate these files; 2) hold an evidentiary hearing in order to possibly determine the location of the alleged missing legal property; or 3) order defendants to provide plaintiff with the missing documents.  Granting plaintiff's requests for extensions of time as well as conducting an evidentiary hearing would significantly delay resolution of this action, prejudicing both defendants and the court.  It is in the best interest of all parties that defendants' summary judgment motion be resolved expeditiously.  An evidentiary hearing may also be costly to defendants' clients.

So that defendants' summary judgment motion can be resolved in a timely manner, in the spirit of cooperation defendants are directed to provide plaintiff with the medical records they previously provided to plaintiff from San Joaquin General Hospital, Mercy Folsom Hospital and UCDSHS.  Defendants are also directed to provide plaintiff with the medical records from his prison medical file that were copied on or around September 29, 2009. Defendants are not required to provide plaintiff with copies of any of his prison medical records from after that date.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's June 20, 2011 motion for extension of time (Dkt. No. 82) is denied;

2.  Plaintiff's June 20, 2011 motion to modify the scheduling order (Dkt. No. 83)

4

1    is denied;

2              3.  Plaintiff's motion for court assistance (Dkt. No. 95) is deemed resolved;

3              4.  Plaintiff's motion for an extension of time (Dkt. No. 100) is denied;

4              5.  Within thirty days of the date of this order, defendants shall provide plaintiff

5    with the medical records described above;

6              6.  The Clerk of the Court is directed to send plaintiff copies of the documents

7    marked by plaintiff on the court docket attached to his November 3, 2011 motion for extension

8    of time;

9              7.  Plaintiff's opposition to defendants' summary judgment motion is due within

10   sixty days of the date of this order.

11   DATED:  November 14, 2011

12

13

14   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

15   wag3166.ord(2)

16

17

18

19

20

21

22

23

24

25

26