IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON WAGNER,

        Plaintiff,                        No.  Civ S-09-3166 KJM KJN P

    vs.

MOSS POSNER, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On March 20, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis, except as explained below.

1

In his amended complaint, plaintiff alleges that defendant Sahota cancelled plaintiff's nutritional supplements without examining him because it was too costly to provide non-lactose supplements that plaintiff, who is lactose intolerant, required. He also alleges that defendant Sahota approved non-formulary medication for plaintiff, again without examining him. ECF No. 43 at 2-3.

Defendant Sahota argued that there were no disputed facts barring the entry of judgment because plaintiff failed to respond to the requests for admissions asking plaintiff to admit that Sahota did not violate his Eighth Amendment rights and plaintiff had no facts to support any of the claims against Sahota. *See* ECF Nos. 76-1 at 17-18, 25-26 & 76-2 at 20-21 ¶¶ 166-173; *see* Fed. R. Civ. P. 36(a)(3) (matter is deemed admitted if party does not respond to request for admission). Counsel Matthew Wilson signed a declaration averring that the requests for admission were attached as Exhibit C. ECF No. 76-4 at 2 ¶ 5. That exhibit, however, was a set of interrogatories, not the requests for admissions he claims plaintiff did not respond to. ECF No. 76-4 at 26-31. Defendant has not provided sufficient support for his claim that plaintiff is bound by any admissions, even if it were appropriate to rely on a pro per party's failure to deny requests that he admit legal conclusions and respond to questions on ultimate issues. *Cf. Jefferson v. Perez*, No. Civ. S-09-3008 GEB CKD P, 2012 WL 671917, at *1 (E.D. Cal. Feb. 29, 2012); *Holston v. DeBanca*, No. Civ. S-09-2954 KJM DAD P, 2012 WL 843917, at *13 (E.D. Cal. Mar. 12, 2012). To the extent the magistrate judge relied on plaintiff's alleged failure to respond to requests for admissions, the court declines to adopt that portion of the findings and recommendations. *See* ECF 108 at 30:9-16.

The magistrate judge also relied on evidence showing that a nurse practitioner, not defendant Sahota, discontinued plaintiff's nutritional supplement in July 2009 because he no longer met the criteria for continuing the supplement. ECF 108 at 30:17-20; ECF No. 76-6 at 7 ¶¶ 31-32 & 76-7 at 2-3. Plaintiff has provided nothing undercutting this evidence; the recommendation based on it will be adopted.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 20, 2012 are adopted in part and rejected in one respect only; and

2. Defendants' May 6, 2011 motion for summary judgment is granted, except as to the claim that defendant Nangalama did not timely prescribe antiviral medications and the claim that defendant Sahota approved non-formulary medications for plaintiff without examining him.

DATED: July 5, 2012.

_____
UNITED STATES DISTRICT JUDGE