IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLINTON WAGNER, | | |
| | Plaintiff, | No. 2: 09-cv-3166 KJM KJN P |
| vs. | | |
| MOSS POSNER, et al., | | |
| | Defendants. | ORDER |
| _____/ | | |

      Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, in this action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for appointment of counsel filed December 30, 2011.

      "In proceedings in forma pauperis, the district court 'may request an attorney to represent any person unable to afford counsel.' 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.' Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.' Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954

1

1  (9th Cir. 1983)).") <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir.
2  2004). "Neither of these factors is dispositive and both must be viewed together before reaching
3  a decision on request of counsel under section 1915(d)." <u>Wilborn</u>, <u>supra</u>, 789 F.2d at 1331 (fn.
4  omitted); <u>see also</u>, <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).

   Plaintiff meets both criteria listed above. On July 6, 2012, the court denied defendants' summary judgment motion as to plaintiff's claims that defendant Nangalama did not timely prescribe antiviral medications and that defendant Sahota approved non-formulary medications without examining plaintiff. Plaintiff has a chance of success as to his claims. In light of the complexity of these claims and chance of success, appointment of counsel is warranted.

   Following appointment of counsel, the court will issue an order setting the pretrial conference and the jury trial.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion for appointment of counsel (Dkt. No. 102) is granted; and

   2. The Clerk of Court, working with the assistance of Sujean Park, is directed to locate forthwith an attorney admitted to practice in this court who is willing to accept the appointment.

DATED: September 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wag3166.app