UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON WAGNER, | Civ. No. S-09-3166 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| MOSS POSNER, M.D., et al., | |
| Defendants. | |

On December 24, 2013, plaintiff filed a disclosure of two expert witnesses, Lorenzo Rossaro, M.D. and Natalie Torok, M.D., both from the gastroenterology department of the U.C. Davis Medical Center. ECF No. 160. Defendant Nangalama has objected, noting that the deadline for the disclosure of expert witnesses was November 8, 2013, the deadline for expert discovery was December 13, 2013 and the disclosure was not accompanied by expert reports. ECF No. 161. Plaintiff claims to have disclosed these witnesses by sending a "discovery packet" to counsel in 2010. ECF No. 163.

Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness, accompanied by a written report prepared and signed by the witness, and this disclosure must occur "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). In the absence of a stipulation or a court order, the disclosures are to be made "at least 90 days before the date set for trial . . . ." *Id.* A party who

1  fails to provide information or identify a witness when required by Rule 26(a) or 26(e) "is not
2  allowed to use that information or witness . . . at a trial, unless the failure was substantially
3  justified or harmless." FED. R. CIV. P. 37(c)(1).  The burden is on the party facing sanctions to
4  prove harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1107 (9th Cir.
5  2001).  In determining whether a violation of the discovery deadline is harmless, the court should
6  consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the
7  ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad
8  faith or willfulness in failing to make a timely disclosure." *Lanard Toys Ltd. v. Novelty, Inc*., 375
9  F. App'x 705, 713 (9th Cir. 2010) (unpublished).

10  It is unclear what plaintiff disclosed in 2010 as he has not provided a copy;
11  defendant appears to claim he did not receive it.  ECF No. 165.  Moreover, plaintiff has not
12  shown harmlessness:  as the deadline for expert discovery has passed, defendant will not have the
13  opportunity to depose the witnesses before trial, set for April 28, 2014.

14  It also is unclear that plaintiff, an inmate proceeding in propria persona, has indeed
15  retained these two witnesses.  It is possible he has designated two treating physicians as experts.
16  To the extent plaintiff seeks to ask these witnesses about opinions formed during treatment, they
17  may be exempt from Rule 26(a)(2)(B)'s written report requirement. *Goodman v. Staples The*
18  *Office Superstore, LLC*., 644 F.3d 817, 826 (9th Cir. 2011).  There is nothing in the record
19  suggesting why plaintiff wants to call these witnesses or indeed that he has made any
20  arrangements for their appearance at trial.  If they do appear for trial, the court can then determine
21  if they can testify subject to the written report exemption.

22  IT IS THEREFORE ORDERED that defendant's objection to plaintiff's expert
23  witness disclosure is sustained to the extent plaintiff will not be allowed to call Dr. Rossaro or Dr.
24  Torok as experts.

25  DATED: February 5, 2014.

_____
UNITED STATES DISTRICT JUDGE

2